PETER C. BACON, Administrator *vs.* SYLVESTER McINTIRE.

An action for the foreclosure of a mortgage, under the Rev. Sts. *c.* 107, is not barred by the statute of limitations, (Rev. Sts. *c.* 119,) unless the mortgagee has been dis seized for twenty years, by the mortgagor or some person claiming under him

WRIT OF ENTRY, brought by the administrator of the estate of Samuel Campbell, to foreclose a mortgage made to said Samuel of a tract of land in Oxford, on the 2d of May 1805, by Nathaniel Stockwell, and recorded on the next day.

The parties submitted the case to the court on the following agreed statement: The mortgage mentioned in the demand ant's writ was duly made to secure payment of a promissory note for $766·16, of even date therewith, payable to the demandant's intestate, in sums of $100 annually, with annual interest. In May 1806, said note was duly transferred to An-

drew Sigourney, for a valuable consideration.    The mortgage
was also delivered to said Sigourney ; but no assignment thereof
to him was ever executed by said intestate.    Said Sigourney
held the note till his death in 1838, when it passed into the
hands of his administrator, for whose use this suit is brought.
Said Campbell, the demandant's intestate, died in 1827, in the
State of Vermont, and the demandant, in 1842, was appointed
administrator of his estate.    Said Stockwell, the mortgagor and
maker of the note, paid the interest on the note down to 1827 ;
and on the 3d of January 1838, he paid to said Sigourney ten
dollars, and an indorsement of that payment was made on the
mortgage.    In March 1841, said Stockwell conveyed the de-
manded premises to the tenant, (who was fully advised of
the facts above stated, but denied the validity of the mortgage,)
by a deed of quitclaim ; said Stockwell having continued seized
and possessed of said premises from the time of his giving the
mortgage to the time of his said conveyance to the tenant.    Said
Stockwell knew that said Sigourney had the mortgage and note
in his hands, and that he claimed to be the owner of them.
The mortgage debt, except the interest and the ten dollars
above mentioned, is still due and unpaid.

*Newton,* for the tenant.    The only question in this case is,
whether the action is barred by the statute of limitations — Rev.
Sts. *c.* 119.    By the first section of that chapter, no action lies
for the recovery of land, unless within twenty years after the
right of action first accrued, or after the demandant, or those
under whom he claims, shall have been seized or possessed.
The 5th clause of § 3 provides, that " in all cases not otherwise
specially provided for, the right shall be deemed to have accrued
when the claimant, or the person under whom he claims, first
became entitled to the possession of the premises under the title
upon which the action is founded."    This clause is broad
enough to include mortgaged premises ; and the title upon
which the present demandant's action is founded is derived from
a mortgage.    The action is for the recovery of land ; and if the
demandant prevails, he will have judgment to recover the land
*nisi*    The mortgagee had a right of entry and of action imme-

diately after the execution of the mortgage ; which was almost forty years before this action was brought.

There is no express provision in the revised statutes, for the limitation of actions on mortgages ; but the general principle of those statutes is, that all claims to real estate shall be barred in twenty years, when the registry does not show title.

*Bacon, pro se.* If this were an action at common law, it might perhaps be barred. But it is an action on the Rev. Sts. *c.* 107 ; a writ of entry to foreclose. The Rev. Sts. *c.* 119 bar actions " for the recovery of land." This action is not for the land, but for a conditional judgment. See *Martin* v. *Mowlin,* 2 Bur. 978. *Wilkins* v. *French,* 2 Appleton, 111. Neither a bill in equity to redeem, nor an action at law on a mortgage, is barred by any statute limitation. See 1 Chit. Gen. Pract. 736. The second and third sections of *c.* 119 of the Rev. Sts. were taken from the English *St.* of 3 & 4 Wm. 4, *c.* 27, and (as the commissioners say in their notes) were not intended to introduce any new rules. They certainly were not intended to affect proceedings under *c.* 107. By that chapter, a mortgagee or his assignee may recover conditional judgment, whenever he can show (however late) that the mortgage debt is due, and that the condition of the mortgage deed is broken. See *Watkins* v. *Hill,* 8 Pick. 522. *Wade* v. *Howard,* 6 Pick. 492 and 11 Pick. 289. He is bound to count on his seizin, but is not bound to count on his seizin within twenty years.

In the case at bar, the demandant has no right, under Rev. Sts. *c.* 107, to enter on the demanded premises, for the purpose of foreclosure, until conditional judgment is recovered ; that is, until the mortgage debt is proved, and has passed *in rem judica-tam.* Until foreclosure, or entry for breach of condition, a mortgage of land is personal property. *Johnson* v. *Bartlett,* 17 Pick 477. 1 Chit. Gen. Pract. 768.

Wilde, J.. This is an action brought by the administrator of the estate of Samuel Campbell, for the foreclosure of a mortgage of real estate made to him in the year 1805, by Nathaniel Stockwell, under whom the tenant claims title, denying the demandant's title under the mortgage, on the ground that the

8 *

action is barred by the statute of limitations—Rev. Sts. *c.* 119. By § 1 of that chapter it is provided that " no person shall commence an action for the recovery of any lands, nor shall make an entry thereupon, unless within twenty years after the right to make such entry or bring such action first accrued, or within twenty years after he, or those from, by, or under whom, he claims, shall have been seized or possessed of the premises."

We think it quite clear that there is nothing in this section to bar the present action. The first part, referring to the time when the right of action first accrued, is no bar; for the demandant's right of action did not accrue to him until 1842; and no right of action accrued to the demandant's intestate, within the meaning of this section, for he was in the constructive possession of the premises, and died seized of the same. The mortgagor was a mere tenant at will or sufferance, and paid the interest on the mortgage debt until 1827, the year when the demandant's intestate died. And by this it appears that the action is not barred by the remaining part of the section ; for the intestate was seized and possessed of the premises within twenty years before the commencement of the action.

It has been argued for the tenant, that this case is within the fifth clause of the third section. But if it were, the statute would be no bar, as the demandant's intestate had been in the constructive possession of the premises within twenty years before the commencement of the action ; and it is immaterial when his right of action first accrued. But the statute is no bar to an action for the recovery of any land or real estate, unless the tenant holds by a title or possession adverse to that of the demandant. The statute therefore can never bar an action for the foreclosure of a mortgage, unless the mortgagee had been disseized by the mortgagor or by some person claiming under him. It is true, that if the mortgagor should remain in possession for twenty years without paying interest or rent, or otherwise admitting that the mortgage debt was unpaid, this would be good presumptive proof of payment, and would be a good defence to an action for foreclosure. But it would not be a

statute bar. In the present case, there was no disseizin by the mortgagor or by the tenant until 1841, when the latter purchased the premises of the former, denying the validity of the mortgage. It is clear, therefore, that the action is not barred by the statute of limitations ; and it being admitted that the mortgage debt has not been paid, the demandant is entitled to judgment.

*Tenant defaulted.*